■ Sansion Desir et al., Appellants, v Luis Castillo, Respondent. [875 NYS2d 98]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated October 25,

2007, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Yolette Lange on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Sansion Desir is dismissed, as that plaintiff is not aggrieved by the portion of the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from by the plaintiff Yolette Lange, on the law, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Yolette Lange is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Yolette Lange.

Although the defendant established his prima facie entitlement to summary judgment as against the plaintiff Yolette Lange (*see Luckey v Bauch*, 17 AD3d 411 [2005]; *Sims v Megaris*, 15 AD3d 468 [2005]; *Check v Gacevk*, 14 AD3d 586 [2005]), the plaintiffs submitted sufficient evidence in opposition to raise a *triable issue of fact* as to whether Lange sustained a serious injury. The plaintiffs' objective medical evidence included affirmations from the physician who had treated Lange in the months following the accident, as well as from the physicians who had examined her in response to the summary judgment motion, in which the physicians, inter alia, quantified their findings of reduced ranges of motion in her cervical spine, lumbar spine, and left knee (*see Djetoumani v Transit, Inc.*, 50 AD3d 944 [2008]; *Fisher v Williams*, 289 AD2d 288 [2001]). Skelos, J.P., Santucci, Angiolillo, Dickerson and Chambers, JJ., concur.