Fernando Charlie, Appellant, v Carlos Guerrero, Defendant, and Henry Contreras et al., Respondents. [876 NYS2d 368]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered August 27, 2007, which granted the motion by defendants Contreras and Jimenez for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against these defendants.

In opposition to the motion, plaintiff raised a triable issue of fact as to serious injury of a nondegenerative nature by reason of a permanent limitation of the use of a body member as a consequence of this accident (Insurance Law § 5102 [d]). Objective evidence of this limitation was presented in the form of an affidavit by plaintiff's orthopaedic surgeon that plaintiff's right shoulder range of motion remained "limited and/or restricted" even after corrective surgery. Specifically, significant restrictions were noted in both the forward flexion and abduction of the

shoulder, as well as the internal and external rotation of the arm. Plaintiff's surgeon concluded that this significant limitation of the use and range of motion in the right shoulder would be permanent. Therefore, despite plaintiff's failure to meet the 90/180-day test of curtailment of activities, his claim of serious injury did raise a triable issue under the statute's test of a "permanent consequential limitation of use of a body . . . member" (*id.*; *see generally Prestol v McKissock*, 50 AD3d 600 [2008]; *Rienzo v La Greco*, 11 AD3d 1038 [2004]). Concur—Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.