■ OUSMANE BARRY, Respondent, v FRANCIS A. VALERIO, Defendant, and ARACENA's TRANSPORT, INC., et al., Appellants. [902 NYS2d 97]—

In an action to recover damages for personal injuries, the defendants Aracena's Transport, Inc., and Cristobal F. Espinal appeal from an order of the Supreme Court, Kings County (Martin, J.), dated June 9, 2009, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that they were not at fault in the happening of the accident.

Ordered that the order is affirmed, with costs.

This action arises from a three-car accident which occurred on the morning of January 1, 2005, on Pennsylvania Avenue in Brooklyn. After joinder of issue, the appellants moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that they were not at fault in the happening of the accident.

The appellants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmed medical report of neurologist Edward M. Weiland, who examined the plaintiff and concluded that he had a normal neurologic examination (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff raised a triable issue of fact as to whether he sustained a permanent consequential limitation of use and/or a significant limitation of use of the cervical and lumbar regions of his spine within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]). Dr. Gautam Khakhar, one of the plaintiff's treating physicians, opined in his

affirmation, based on his contemporaneous and most recent examination of the plaintiff, as well as upon his review of the plaintiff's magnetic resonance imaging reports, which showed, inter alia, herniated discs at L4-5, L5-S1, C4-5, C5-6, C6-7, that the injuries to the cervical and lumbar regions of the plaintiff's spine and quantified and observed range-of-motion limitations were permanent, significant, and causally related to the subject accident (*see Paula v Natala*, 61 AD3d 944, 945 [2009]; *Desir v Castillo*, 59 AD3d 659, 660 [2009]; *Azor v Torado*, 59 AD3d 367, 368 [2009]).

In addition, the appellants failed to meet their burden of demonstrating the absence of triable issues of fact with regard to whether they were free from fault in the happening of the accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Delgado v Butt*, 48 AD3d 735 [2008]; *Spuhler v Khan*, 14 AD3d 693 [2005]; *Reed v New York City Tr. Auth.*, 299 AD2d 330 [2002]; *Barberena v Budd Enters.*, 299 AD2d 305 [2002]; *Krakowska v Niksa*, 298 AD2d 561 [2002]; *Vidal v Tsitsiashvili*, 297 AD2d 638 [2002]). Failure to make such a showing requires denial of that branch of their motion, regardless of the sufficiency of the opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the appellants' motion.

The contentions of the defendant Francis A. Valerio are not properly before this Court since he did not file a notice of appeal from the order (*see* CPLR 5515; *Show Lain Cheng v Young*, 60 AD3d 989, 991 [2009]). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.