■ TAI HO KANG, Appellant, v YOUNG SUN CHO, Respondent. (And a Related Action.) [904 NYS2d 743]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), dated June 22, 2009, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is denied.

The defendant met his prima facie burden of showing that the plaintiff in that action did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff raised a triable issue of fact based on the affirmation of Dr. Michael Trimba, the plaintiff's treating physician. Based on Dr. Trimba's contemporaneous and recent examinations of the plaintiff, which revealed significant limitations in the cervical and lumbar regions of the plaintiff's spine, and his review of the affirmed reports of magnetic resonance imaging scans of those regions of the plaintiff's spine, which revealed bulging discs at C5-6, C6-7, L4-5, and L5-S1, Dr. Trimba concluded that the injuries to the cervical and lumbar regions of the plaintiff's spine, and range-of-motion limitations observed during his examinations, were permanent and causally related to the subject accident. This submission alone was sufficient to raise a triable issue of fact as to whether he sustained a serious injury to the cervical and/or lumbar regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Barry v Valerio*, 72 AD3d 996 [2010]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

Contrary to the defendant's assertion, the plaintiff adequately explained any lengthy gap in his treatment in his affidavit, in which he stated that his no-fault benefits were terminated in October 2007 and he could not afford further treatment thereaf-

ter (*see Black v Robinson*, 305 AD2d 438 [2003]; *see also Domanas v Delgado Travel Agency, Inc.*, 56 AD3d 717 [2008]; *Jules v Barbecho*, 55 AD3d 548 [2008]). To the extent that the defendant argues that the plaintiff failed to address the findings of his retained radiologist, Dr. Melissa Sapan Cohn, that the plaintiff's injuries to the cervical and lumbar regions of the plaintiff's spine were degenerative in nature, that contention is incorrect. In his affirmation, Dr. Trimba specifically stated that the plaintiff's injuries were not the result of degenerative processes, but were caused by the subject accident. Thus, Dr. Trimba adequately addressed the issue of degeneration and refuted the defendant's assertions in that respect (*see Whitehead v Olsen*, 70 AD3d 678 [2010]; *Modeste v Mercier*, 67 AD3d 871 [2009]).

Therefore, the Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Miller, Eng, Hall and Austin, JJ., concur.