■ REINFORD EVANS, Respondent, v LAKISHA PITT, Appellant. [908 NYS2d 729]—

In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated May 19, 2010, as denied her cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. Contrary to the Supreme Court's determination, the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]).

In opposition, the plaintiff raised a triable issue of fact based on the affidavit of his treating chiropractor, Dr. Jamie Skurka. Based on Dr. Skurka's contemporaneous and recent examinations of the plaintiff, which revealed significant limitations of the range of motion in the cervical and lumbar regions of the plaintiff's spine, and his review of the magnetic resonance imaging films of those regions of the plaintiff's spine, which revealed, inter alia, herniated discs at C3-4, C4-5, C6-7, and L4-5, Dr. Skurka concluded that the injuries to the cervical and lumbar regions of the plaintiff's spine, and significant range of motion limitations observed during the examinations, were permanent and causally related to the subject accident. This submission alone was sufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury to the cervical and/or lumbar regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328 [2010];

*Barry v Valerio*, 72 AD3d 996 [2010]; *Williams v Clark*, 54 AD3d 942 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643 [2007]; *Acosta v Rubin*, 2 AD3d 657 [2003]).

The plaintiff also provided an adequate explanation for the gap in his treatment history (*see Pommells v Perez*, 4 NY3d 566, 577 [2005]; *Delorbe v Perez*, 59 AD3d 491, 492 [2009]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]). Mastro, J.P., Florio, Dickerson, Belen and Lott, JJ., concur.