■ KEIKO HOWARD et al., Respondents, v PATRICK J. ROBB, Appellant. [911 NYS2d 748]—

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 12, 2009 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant for summary judgment dismissing any claims of permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Keiko Howard (plaintiff) when the vehicle she was operating was rear-ended by a vehicle operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Contrary to defendant's contention, we conclude that Supreme Court properly denied the motion with respect to the serious injury categories of permanent consequential limitation of use and significant limitation of use. Although defendant met his initial burden on the motion, plaintiffs raised triable issues of fact with respect to the permanent consequential limitation of use and significant limitation of use categories (see Tai Ho Kang v Young Sun Cho, 74 AD3d 1328, 1329 [2010]; Levin v Khan, 73 AD3d 991 [2010]; Barry v Valerio, 72 AD3d 996 [2010]).

In opposition to the motion, plaintiffs established that, shortly after the accident, plaintiff was treated by a chiropractor for pain in her neck and lower back. The chiropractor conducted range of motion (ROM) tests and concluded that plaintiff had reduced ROM in every category of flexion, extension and rotation in both her cervical and lumbar areas. The chiropractor also ordered a second MRI, which showed mild bulging of the

cervical discs and a more severe asymmetrical bulge and annular tear of her lumbar disc at L4-5. Plaintiff continued treatments with the chiropractor and her condition improved somewhat, but another ROM test conducted two years after the accident established that the condition of plaintiff's cervical and lumbar area had further declined. The chiropractor concluded that plaintiff suffered from a chronic, permanent and disabling injury to her cervical and lumbar spine caused by the accident. Plaintiffs also submitted the affidavit of a physician who examined plaintiff and reviewed her medical records 2½ years after the accident. He concluded that plaintiff suffered from cervical and lumbar disc herniations caused by the accident. We thus conclude that plaintiffs submitted evidence of contemporaneous and recent findings with respect to plaintiff's injuries (*see Tai Ho Kang*, 74 AD3d at 1329; *see generally Resek v Morreale*, 74 AD3d 1043, 1044-1045 [2010]; *Vilomar v Castillo*, 73 AD3d 758, 759 [2010]; *Carrillo v DiPaola*, 56 AD3d 712 [2008]; *Chinnici v Brown*, 295 AD2d 465 [2002]), as well as objective and quantitative evidence concerning the limitation of use of plaintiff's cervical and lumbar spine (*see generally Vargas v Tomorrow Travel & Tour, Inc.*, 74 AD3d 1626, 1627-1628 [2010]; *Charlie v Guerrero*, 60 AD3d 570 [2009]). Present—Scudder, P.J., Smith, Carni, Lindley and Green, JJ.