■ BRISTON C. COMPASS et al., Respondents, v GAE TRANSPORTATION, INC., et al., Appellants. [914 NYS2d 255]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (McCarty III, J.), entered June 8, 2010, which denied their motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs raised triable issues of fact as to whether they sustained serious injuries to the cervical and/or lumbar regions of their respective spines under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Evans v Pitt*, 77 AD3d 611 [2010]; *Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328, 1329 [2010]; *Barry v Valerio*, 72 AD3d 996 [2010]; *Williams v Clark*, 54 AD3d 942, 943 [2008]; *Casey v Mas Transp., Inc.*, 48 AD3d 610, 611 [2008]; *Green v Nara Car & Limo, Inc.*, 42 AD3d 430, 431 [2007]; *Francovig v Senekis Cab Corp.*, 41 AD3d 643, 644-645 [2007]; *Acosta v Rubin*, 2 AD3d 657, 659 [2003]). These issues of fact were raised by the affirmed medical reports of Dr. Samuel Kelman. Dr. Kelman concluded, based on his contemporaneous and recent examinations of the plaintiffs, which revealed significant limitations in the cervical and lumbar regions of their respective spines, and his review of their magnetic resonance imaging films, which revealed herniated and bulging discs, that the injuries to the cervical and lumbar regions of the plaintiffs' spines and range-of-motion limitations amounted to permanent consequential limitations of use and significant limitations of use of their respective spines.

In opposition to the defendants' prima facie showing that certain injuries to the spine of the plaintiff Briston C. Compass

were degenerative in nature or caused by anything other than the subject accident, a triable issue of fact was raised by the affirmed medical report of Dr. Kelman with respect to that plaintiff. In that affirmed medical report, Dr. Kelman noted that he had reviewed the magnetic resonance imaging films of the cervical and lumbar regions of Compass's spine and did not agree that any of Compass's herniated or bulging discs were degenerative in nature. He concluded, based on his review of those films, that those findings were recent and caused by the subject accident. Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.