■ TARIQ MAHMOOD, Respondent, v MELROSE VICKS et al., Appellants. [915 NYS2d 637]—

In an action to recover damages for personal injuries, the defendants Melrose Vicks and Fazlim Hussain appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated November 16, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury under the significant limitation of use category of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, however, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical, thoracic, and lumbar regions of his spine, and his right

shoulder and left knee under the significant limitation of use category of Insurance Law § 5102 (d) (*see Licari v Elliott*, 57 NY2d 230, 239 [1982]; *Compass v GAE Transp., Inc.*, 79 AD3d 1091 [2010]; *cf. Thrall v City of Syracuse*, 60 NY2d 950 [1983]). These issues of fact were raised by the affidavits of the plaintiff's treating physician, Boris Tsatskis, and radiologist, Michael Shapiro. Dr. Tsatskis based his medical opinion that the plaintiff's injuries constituted a "continuing disability and limitation(s)," on his range-of-motion testing and physical examination of the plaintiff conducted on April 17, 2008 (six days after the subject accident), April 30, 2008, July 3, 2008, August 5, 2008, August 12, 2008, August 28, 2008, and September 4, 2008. Dr. Tsatskis also based his opinion on his examination of the plaintiff on June 3, 2009, and his review of Dr. Shapiro's magnetic resonance imaging (hereinafter MRI) studies of the lumbar region of the plaintiff's spine, dated August 13, 2008, and the cervical region of the plaintiff's spine, dated March 10, 2009.

Dr. Tsatskis's range-of-motion and other tests revealed more than minor limitations in the cervical, thoracic, and lumbar regions of the plaintiff's spine, as well as in the plaintiff's right shoulder and left knee. The MRI study of the lumbar region of the plaintiff's spine, performed about four months after the subject accident, revealed, inter alia, muscle spasm and a bulging disc. The MRI study of the cervical region of his spine, performed almost a year after the subject· accident, revealed muscle spasm and a central disc herniation. This evidence of the extent and duration of the plaintiff's claimed injuries was sufficient to raise a triable issue of fact under the significant limitation of use category of Insurance Law § 5102 (d) (*see Licari v Elliott*, 57 NY2d 230 [1982]; *Vilomar v Castillo*, 73 AD3d 758, 759 [2010]; *Simanovskiy v Barbaro*, 72 AD3d 930, 932 [2010]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *Beckett v Conte*, 176 AD2d 774 [1991]; *cf. Thrall v City of Syracuse*, 60 NY2d 950 [1983]).

The defendants' remaining contentions are without merit. Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.