■ ARKADY KHAVOSOV et al., Respondents, v FRANCISCO E. CASTILLO, Appellant. [917 NYS2d 312]—

In an action to recover damages for personal injuries and injury to property, the defendant appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated February 23, 2010, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff Arkady Khavosov commenced this action to recover damages for personal injuries, and the complaint also alleged causes of action to recover damages for injury to property on behalf of the plaintiff Sam's Transportation, Inc. (hereinafter the corporate plaintiff). The defendant moved for summary judgment dismissing the complaint on the ground that Khavosov

did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The defendant met his prima facie burden of showing that Khavosov did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiffs raised a triable issue of fact based on the affidavit of Khavosov's treating physician, Dr. Yury Koyen. Dr. Koyen's examinations of Khavosov were contemporaneous with the accident and revealed significant limitations of the range of motion in the cervical and lumbosacral regions of his spine. In addition, magnetic resonance imaging films of the cervical region of Khavosov's spine revealed herniated discs at C5-6 and C6-7. Based on this evidence, Dr. Koyen concluded that the injuries to the cervical and lumbosacral regions of Khavosov's spine, and the significant range-of-motion limitations observed during the examinations, were permanent and causally related to the subject accident. This submission alone was sufficient to raise a triable issue of fact as to whether Khavosov sustained a serious injury to the cervical and/or lumbosacral regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Evans v Pitt*, 77 AD3d 611 [2010]; *Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328, 1329 [2010]).

Khavosov also provided an adequate explanation for the gap in his treatment history. Dr. Koyen affirmed that Khavosov ceased his course of treatment based on a determination that he had derived a maximum medical benefit from physical therapy (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Any discrepancy between Dr. Koyen's account and the reasons Khavosov expressed during his deposition for ceasing treatment is a matter of credibility for resolution by the trier of fact (*see Barrett v New York City Tr. Auth.*, 80 AD3d 550, 551 [2011]; *Frazier v Hertz Vehs., LLC*, 78 AD3d 767, 768 [2010]; *Lawson v. Rutland Nursing Home, Inc.*, 65 AD3d 572, 572-573 [2009]).

In addition, as the Supreme Court correctly concluded, the defendant failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing the second and third causes of action asserted on behalf of the corporate plaintiff. Rivera, J.P., Florio, Dickerson, Hall and Roman, JJ., concur.