■ ANNE PARK, Appellant, v HE JUNG LEE, Respondent. [922 NYS2d 564]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered July 14, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met her prima facie burden of showing that the plaintiff, who allegedly sustained certain injuries to the cervical and lumbar regions of her spine as a result of the subject motor vehicle accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007])

and, in any event, were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]).

In opposition, the plaintiff submitted affirmed reports from her radiologist, Dr. Mary Hu. Soon after the subject accident, magnetic resonance imaging studies were performed on the cervical and lumbar regions of the plaintiff's spine, and Dr. Hu examined the resultant films. She observed, inter alia, herniated discs at C3-4, C5-6, L3-4, L4-5, and L5-S1.

The plaintiff also submitted an affirmation from her treating physician, Dr. Sea Hyun Chung, who read Dr. Hu's reports. Dr. Chung also conducted contemporaneous and recent examinations of the cervical and lumbar regions of the plaintiff's spine. During each examination, he performed certain testing, including range-of-motion testing, which, each time, revealed certain significant range-of-motion limitations of the cervical and lumbar regions of the plaintiff's spine. Based on Dr. Hu's reports and his findings, Dr. Chung concluded that the plaintiff sustained certain permanent injuries to the cervical and lumbar regions of her spine as a result of the subject accident.

The plaintiff also provided an adequate explanation for a gap in her treatment (*id*. at 574). Dr. Chung affirmed that any further treatment would have been merely palliative in nature (*id*. at 577).

The plaintiff's submissions raised a triable issue of fact as to whether the plaintiff sustained a serious injury to the cervical and/or lumbar regions of her spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Khavosov v Castillo*, 81 AD3d 903, 904 [2011]; *Evans v Pitt*, 77 AD3d 611 [2010]; *Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328, 1329 [2010]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.