# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**798**
**CA 11-00209**
PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND GREEN, JJ.

---

LUCILLE M. BURKE, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

RYAN D. MORAN AND MARY E. MORAN,
DEFENDANTS-RESPONDENTS.

---

GROSSMAN & CIVILETTO, NIAGARA FALLS, HOGAN WILLIG, AMHERST (AMANDA L. LOWE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BURGIO, KITA & CURVIN, BUFFALO (JAMES P. BURGIO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered April 16, 2010 in a personal injury action. The order granted the motion of defendants for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the claim for economic loss in excess of basic economic loss, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving was rear-ended by a vehicle operated by defendant Ryan D. Moran and owned by defendant Mary E. Moran. Defendants initially moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and thereafter, in their reply papers, sought dismissal of plaintiff's claim for economic loss in excess of her basic economic loss. According to her bill of particulars, plaintiff sustained a serious injury under the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and the 90/180-day categories of serious injury. Plaintiff has abandoned her contention with respect to permanent loss of use, and we conclude that Supreme Court erred in granting those parts of defendants' motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. We therefore modify the order accordingly.

Defendants met their initial burden on the motion by submitting an expert's affirmation establishing as a matter of law that there was no objective confirmation of plaintiff's pain and that she had not sustained "any objective injury which would have disabled her for more than 90 out of 180 days following the motor vehicle accident" or any objective injury that would constitute a "permanent consequential limitation of use of a body organ or member," or a "significant limitation of use of a body function or system" (*see Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1195).  Defendants also submitted evidence indicating with respect to plaintiff's cervical spine that she had a "voluntary restriction of rotation," "essentially normal" neurological examinations and "advanced degenerative disc disease."

In opposition to defendants' motion, however, plaintiff raised triable issues of fact with respect to the permanent consequential limitation and significant limitation of use categories of serious injury by submitting an expert affidavit and medical records demonstrating an objective basis for the reduced range of motion in her neck and containing a "numeric percentage of [her] loss of range of motion" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350; *see Howard v Robb*, 78 AD3d 1589; *Feggins v Fagard*, 52 AD3d 1221, 1223-1224; *Moore v Gawel*, 37 AD3d 1158).  Nevertheless, we agree with defendants that the court properly granted that part of defendants' motion regarding the 90/180-day category of serious injury.  With respect to that category, plaintiff failed to raise an issue of fact whether she was unable to perform substantially all of the material acts that constituted her usual and customary daily activities during the requisite period of time (*see Licari v Elliott*, 57 NY2d 230, 236; *Parkhill v Cleary*, 305 AD2d 1088, 1089-1090).

Finally, we conclude that the court further erred in granting that part of defendants' motion seeking to dismiss plaintiff's claim for economic loss in excess of basis economic loss, inasmuch as defendants moved for that relief for the first time in their reply papers (*see Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 102; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625-626).  We therefore further modify the order accordingly.

Entered:  June 17, 2011                          Patricia L. Morgan
                                                 Clerk of the Court