■ Julia Knight et al., Respondents, v Zena & Sol Taxi, Inc., et al., Appellants. [933 NYS2d 613]—

The defendants met their prima facie burden of showing that the plaintiff Julia Knight (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged, inter alia, that as a result of the subject accident, the cervical region of the injured plaintiff's spine sustained certain injuries. The defendants submitted competent medical evidence establishing, prima facie, among other things, that the alleged injuries to that region of her spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Lively v Fernandez*, 85 AD3d 981, 981-982 [2011]), and, in any event, were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

However, in opposition, the plaintiffs submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical region of the injured plaintiff's spine constituted a serious injury under the significant limitation of use category of Insurance Law § 5102 (d) (*see Mahmood v Vicks*, 81 AD3d 606, 607 [2011]). The plaintiffs also submitted competent medical evidence raising a triable issue of fact as to whether those alleged injuries were caused by the subject accident (*see Jaramillo v Lobo*, 32 AD3d 417, 418 [2006]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.