In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Daily, J.), dated June 17, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jose R. David, on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the appeal by the plaintiffs Marcos Zelaya and Edy R. David is dismissed, as those plaintiffs are not aggrieved by the order appealed from {see CFLR 5511); and it is further,
Ordered that the order is reversed, on the law, and the defendant’s motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Jose R. David is denied; and it is further,
Ordered that one bill of costs is awarded to the plaintiff Jose R. David.
The defendant met her prima facie burden of showing that the plaintiff Jose R. David (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The injured plaintiff alleged, inter alia, that as a result of the subject accident, the cervical and lumbar regions of his spine sustained certain injuries. The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to those regions did not *991 constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, the injured plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine constituted serious injuries under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Furthermore, the injured plaintiff, who, contrary to the Supreme Court’s determination, provided a reasonable explanation for a cessation of his medical treatment (see Pommells v Perez, 4 NY3d 566, 574 [2005]), also submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine were caused by the subject accident (see Park v Shaikh, 82 AD3d 1066, 1067 [2011]; Compass v GAE Transp., Inc., 79 AD3d 1091, 1092 [2010]).
Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.