MARTA GRANELA, Appellant, v JOSEPH RUPPERT, Respondent. [955 NYS2d 520]—

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see David v Caceres*, 96 AD3d 990, 990-991 [2012]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff raised a triable issue of fact as to whether any of the alleged injuries to the cervical and lumbar regions of her spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]; *David v Caceres*, 96 AD3d at 991). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Dickerson, Leventhal and Lott, JJ., concur.