Guzman v Cruz (2020 NY Slip Op 03980)





Guzman v Cruz


2020 NY Slip Op 03980


Decided on July 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2020

Gische, J.P., Kapnick, Webber, Kern, González, JJ.


11817 156792/13

[*1] Radames Guzman, et al., Plaintiffs,
v
Edickson Cruz, Plaintiff-Appellant, The Manhattan and Bronx Surface Transit Operating Authority, et al., Defendants-Respondents. Pedro Marine, Counterclaim Defendant-Respondent.


Law Offices of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for appellant.
Lawrence Heisler, Brooklyn (Timothy J. O'Shaughnessy of counsel), for The Manhattan and Bronx Surface Transit Operating Authority, New York City Transit Authority and Yevgeniy Golub, respondents.
Robert D. Grace, Brooklyn, for Pedro Marine, respondent.



Order, Supreme Court, New York County (Lisa Ann Sokoloff, J.), entered February 4, 2019, which granted counterclaim defendant Pedro Marine's motion and defendants' cross motion for summary judgment dismissing plaintiff Edickson Cruz's complaint for failure to satisfy the serious injury threshold of Insurance Law § 5102(d), unanimously modified, on the law, to deny the motions as to Cruz's claims of serious injury to his cervical spine and right shoulder, and otherwise affirmed, without costs.
Defendants established prima facie that plaintiff did not sustain an injury causing "significant limitation of use" or "permanent consequential limitation of use," by submitting the affirmed reports of an orthopedist and neurologist, who noted normal ranges of motion in plaintiff's cervical spine and right shoulder and found no other evidence of abnormality (see Cattouse v Smith, 146 AD3d 670 [1st Dept 2017]; Mejia v Rosa, 95 AD3d 402, 403 [1st Dept 2012]). As to causation, defendants' radiologist found that plaintiff's MRI films showed longstanding degeneration in his right shoulder and cervical spine, which were unrelated to the accident (see Campbell v Drammeh, 161 AD3d 584 [1st Dept 2018]).
In opposition, plaintiff raised issues of fact as to his cervical spine claim through the affirmed report of his radiologist, who found multiple bulging discs, and his treating physician, who provided evidence of limited range of motion about a week after the accident and four years later and opined that the cervical spine conditions were causally related to the accident. Since plaintiff's own medical records did not reveal any degenerative conditions in his spine, he was not required to submit evidence from a medical expert detailing why degenerative conditions were not the cause of the reported symptoms (see Jenkins v Livo Car Inc., 176 AD3d 568, 569 [1st Dept 2019]).
As for the right shoulder, plaintiff's treating physician found limitations in range of motion shortly after the accident, and his orthopedist averred that he performed arthroscopic surgery which included repair of a labral tear, and found limited range of motion four years later, which he opined was causally related to the accident (see Charlie v Guerrero, 60 AD3d 570 [1st [*2]Dept 2009]). Although plaintiff did not initially complain to his doctor about his shoulder, he testified that his shoulder was bruised after the accident and then sought treatment within a month when pain developed. Such delay does not require a finding of lack of a causal connection, but rather presents an issue of fact (see Swift v New York City Tr. Auth., 115 AD3d 507 [1st Dept 2014]).
Defendants were entitled to dismissal of plaintiff's 90/180 claim based on plaintiff's pleadings and deposition testimony concerning his activities after the accident (see Anderson v Pena, 122 AD3d 484, 485 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 16, 2020
CLERK