Echeverria v FAZTEC Indus., Inc. (2025 NY Slip Op 50010(U))

[*1]

Echeverria v FAZTEC Indus., Inc.

2025 NY Slip Op 50010(U)

Decided on January 10, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 10, 2025
Supreme Court, Kings County

Jose Hernandez Echeverria, Plaintiff,

against
FAZTEC Industries, Inc., et ano., Defendants.

Index No. 513839/2022

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 36-53, 55-57, 63-83.
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon,
It is hereby ORDERED as follows:
This is Defendants' motion for summary judgment dismissing the complaint on two grounds: (1) Plaintiff is the sole proximate cause of the subject December 3, 2021 motor vehicle accident, and (2) Plaintiff failed to satisfy the serious injury threshold requirement of Insurance Law § 5104 (a), serious injury being defined in Insurance Law § 5102 (d).
In terms of the proximate cause of the accident, the parties present competing versions of how it transpired. While Plaintiff claims that Defendant driver's truck struck his car, Defendant [*2]driver and a non-party witness claim that Plaintiff drove between the truck and another vehicle. As such there is a material issue of fact how the accident occurred, requiring a factual resolution by a jury (see Goulet v Anastasio, 148 AD3d 783 [2d Dept 2017). Plaintiff rebutted Defendant's prima facie case and showed that a material issue of fact exists, even though Defendants submitted testimony from a non-party witness.
As for the serious injury threshold, it is noted that in medical records of Brooklyn Premier Orthopedic Center for Musculoskeletal Disorders, which treated Plaintiff subsequent to the accident, said records being submitted by Defendants as NYSCEF Doc No. 52, significant limitations in range of motion were recorded as follows (and the Court's percentage computations of decreases appear in parentheses):
• May 19, 2022: Lumbar forward flexion, 40/60 (33%); lumbar extension, 15/25 (40%); lumbar left bending, 15/25 (40%); lumbar right bending 15/25 (40%); cervical forward flexion, 35/50 (30%); cervical extension, 35/60 (42%); cervical lateral left bending, 20/45 (56%); cervical lateral right bending, 20/45 (56%); cervical rotation 55/80 (31%).
• June 23, 2022: Lumbar forward flexion, 40/60 (33%); lumbar extension, 15/25 (40%); lumbar left bending, 15/25 (40%); lumbar right bending 15/25 (40%); cervical forward flexion, 35/50 (30%); cervical extension, 35/60 (42%); cervical lateral left bending, 20/45 (56%); cervical lateral right bending, 20/45 (56%); cervical rotation 55/80 (31%).
• September 1, 2022: Lumbar forward flexion, 40/60 (33%); lumbar extension, 15/25 (40%); lumbar left bending, 15/25 (40%); lumbar right bending 15/25 (40%); cervical forward flexion, 35/50 (30%); cervical extension, 35/60 (42%); cervical lateral left bending, 20/45 (56%); cervical lateral right bending, 20/45 (56%); cervical rotation 55/80 (31%).
The percentages of decrease in range of motion are significant (see Dufel v Green, 84 NY2d 795 [1995] [20%]; Kholdarov v Hyman, 165 AD3d 1087 [2d Dept. 2018] [20%]). These medically documented decreased ranges of motion existed for a period of around three and half months, a significant duration of time (see Estrella v GEICO Ins. Co., 102 AD3d 730 [2d Dept. 2013]; Pero v Transervice Logistics, Inc., 83 AD3d 681 [2d Dept. 2011]; Desir v. Castillo, 59 AD3d 659 [2d Dept. 2009]; cf. Beckett v Conte, 176 AD2d 774 [2d Dept. 1991]; Partlow v Meehan, 155 AD2d 647 [2d Dept. 1989]).
To the extent that Defendants rely on the IME report of Dr. Dorothy Scarpinato to establish that Plaintiff did not sustain a serious injury of the right shoulder proximately resulting from the subject accident (see NYSCEF Doc No. 37 at ¶ 70-71, 80), it is noted that Dr. Scarpinato's opinion to that effect is conclusory (see NYSCEF Doc No. 53 at 4; Pommels v Perez, 4 NY3d 566, 577-578 [2005]; Landman v. Sarcona, 63 AD3d 690 [2d Dept. 2009]).
Therefore, with regard to the issue of serious injury, Defendants' submissions failed to make out a prima facie case to the effect that Plaintiff did not sustain a significant limitation of use of a body function or system (see Positko v Krawiec, 6 AD3d 517 [2d Dept. 2004]; Cesar v Felix, 191 AD2d 852 [2d Dept. 1992]). Consequently, any issues regarding the other categories of serious injury asserted in Plaintiff's bill of particulars (significant disfigurement; fracture; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; and "90/180") are academic (see Linton v Nawaz, 14 NY3d 821 [2010]; Santos v Fiktus, 232 AD3d 698 [2d Dept. 2024]; O'Neill v. O'Neill, 261 [*3]AD2d 459 [2d Dept. 1999]), and also it is unnecessary to determine whether Plaintiff's papers were sufficient to raise a triable issue of fact on serious injury (see Curiale v. Delfavero, 211 AD3d 905 [2d Dept. 2022]).
Defendants' motion for summary judgment is DENIED in its entirety.
E N T E R