■ SALLY BACHAN, Appellant, v MAGGIES PARATRANSIT et al., Respondents. [896 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated January 9, 2009, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants sustained their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

However, in opposition to the motion, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to her lumbar spine through, inter alia, the affidavit of her treating chiropractor and the affirmed medical report of a neurologist. The affidavit of the plaintiff's chiropractor revealed that she had significant range-of-motion limitations in her lumbar spine shortly after the accident. The affirmed medical report of the plaintiff's neurologist, which was based upon a recent examination, similarly found significant range-of-motion limitations in her lumbar spine, which the neurologist opined had been caused by the subject accident. The plaintiff also submitted the affirmation of a radiologist who interpreted magnetic resonance imaging films of her lumbar spine, and concluded that she had disc bulges at the L4-5 and L5-S1 levels. Contrary to the Supreme Court's determination, these submissions raised a triable issue of fact as to whether the plaintiff sustained a serious injury to her lumbar spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Eusebio v Yannetti*, 68 AD3d 919 [2009]; *Reyes v Dagostino*, 67 AD3d 983 [2009]; *Peter v Palencia*, 67 AD3d 660, 661 [2009]; *Azor v Torado*, 59 AD3d 367, 368 [2009]; *Williams v Clark*, 54 AD3d 942, 943 [2008]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.