(November 30, 2010)

█ MOHAMMED ABDELAZIZ, Appellant, v SADIQ FAZEL et al., Respondent. [912 NYS2d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 17, 2010, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff raised a triable issue of fact. In his affirmation, Dr. Nassef F. Hassan, one of the plaintiff's treating physicians, noted that testing conducted on the date of the subject accident, February 14, 2005, revealed significant limitations in plantar flexion and dorsiflexion of the plaintiff's right ankle. Dr. Hassan's annexed affirmed medical reports revealed similar limitations in existence on July 8, 2005.

The affirmed medical reports of Dr. Harshad C. Bhatt, the plaintiff's treating orthopedic surgeon, indicated that on October 15, 2007, the plaintiff had significant limitations in his right ankle range of motion. When he retested the plaintiff in September 2009, he noted that significant limitations were also present. Dr. Bhatt opined that the plaintiff's right ankle injuries were causally related to the subject accident and amounted to a "permanent partial disability."

The plaintiff, in his affidavit, explained the gap in his treatment, stating that he stopped treatment after his no-fault benefits were terminated and he could not afford to personally pay for further treatment (*see Black v Robinson*, 305 AD2d 438, 439-440 [2003]; *see also Domanas v Delgado Travel Agency, Inc.*, 56 AD3d 717, 718 [2008]; *Jules v Barbecho*, 55 AD3d 548, 549 [2008]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Covello, Leventhal and Austin, JJ., concur.