WAYNE HIGHTOWER, Appellant, v CHRISTOPHER R. GHIO, Respondent. [919 NYS2d 43]—

The defendant established, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345

[2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Acosta v Rubin*, 2 AD3d 657, 659 [2003]). In opposition, the plaintiff raised triable issues of fact as to whether he sustained serious injuries to the cervical and/or thoracolumbar regions of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d) (*see Compass v GAE Transp., Inc.*, 79 AD3d 1091 [2010]; *Boskey v GTWY, Inc.*, 78 AD3d 1095 [2010]).

Although the defendant supported his initial moving papers with evidence that the plaintiff was involved in an automobile accident approximately five years prior to the subject accident, he failed to make a prima facie showing that the plaintiff's injuries were caused by the prior accident. Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact as to whether his injuries were caused by the subject accident, rather than by the prior accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Stukas v Streiter*, 83 AD3d 18 [2d Dept 2011]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.