■ NAKEISHA MAZIL et al., Appellants, v ISRAEL QUINONES et al., Respondents. [922 NYS2d 560]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated June 28, 2010, which granted the defendants' separate motions for summary judgment dismissing the complaint on the ground that the plaintiff Nakeisha Mazil did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint are denied.

The defendants met their prima facie burdens of showing that the plaintiff Nakeisha Mazil (hereinafter the injured plaintiff), who allegedly sustained certain injuries to the lumbar region of her spine as a result of the subject accident, did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiffs submitted an affirmation from the injured plaintiff's treating physician, Dr. Benjamin Cortijo, inter alia, affirming the truth of his "initial examination report" also submitted in opposition. Dr. Cortijo conducted contemporaneous and recent examinations of the lumbar region of the injured plaintiff's spine. During each examination, he performed certain testing, including range-of-motion testing, which, each time, revealed certain significant range-of-motion limitations of the lumbar region of the injured plaintiff's spine. Based on his findings, he concluded that the injured plaintiff sustained a permanent injury to the lumbar region of her spine as a result of the accident.

The plaintiffs also provided an adequate explanation for the cessation of the injured plaintiff's treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Dr. Cortijo affirmed that any further treatment would have been merely palliative in nature (*id.* at 577).

The plaintiffs' submissions raised a triable issue of fact as to whether the injured plaintiff sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.