Jeury Tavares, Appellant, v Randy Eyl, Respondent. [923 NYS2d 871]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated January 14, 2010, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court dated February 25, 2010, which upon the order, is in favor of the defendant and against him, dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (see CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the defendant's motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant met his prima facie burden of showing that the plaintiff, who allegedly sustained certain injuries to the lumbar region of his spine as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident by submitting evidence establishing that those injuries did not fall within the ambit of any statutory definition of serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted evidence raising a triable issue of fact as to whether the alleged injuries to the lumbar region of his spine constituted a serious injury under the permanent consequential limitation of use and/or signifi-

cant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094 [2010]). Furthermore, contrary to the Supreme Court's determination, the plaintiff adequately explained a lengthy gap in his medical treatment (*see Abdelaziz v Fazel*, 78 AD3d 1086 [2010]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.