■ DANIEL MESSIANA, Appellant, et al., Plaintiff, v ELENI DRIVAS et al., Respondents. [925 NYS2d 148]—

In an action to recover damages for personal injuries, the plaintiff Daniel Messiana appeals (1) from an order of the Supreme Court, Kings County (Silber, J.), dated May 17, 2010, which granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by his brief, from so much of an order of the same court dated December 9, 2010, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated May 17, 2010, is dismissed, as that order was superseded by the order dated December 9, 2010, made upon reargument; and it is further,

Ordered that the order dated December 9, 2010, is reversed insofar as appealed from, on the law, upon reargument, the order dated May 17, 2010, is vacated, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Daniel Messiana is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff Daniel Messiana.

The defendants established, prima facie, that the plaintiff Daniel Messiana (hereinafter the appellant), who allegedly sustained injuries to, inter alia, the lumbosacral and cervical regions of his spine as a result of the subject accident, did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of that accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants submitted competent medical evidence establishing, prima facie, among other things, that the alleged injuries to the lumbosacral and cervical regions of the appellant's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the appellant submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbosacral and cervical regions of his spine constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). He also provided an adequate explanation for the cessation of his medical treatment (*see Abdelaziz v Fazel*, 78 AD3d 1086 [2010]).

Contrary to the determination of the Supreme Court, in opposing the defendants' motion, the appellant was not obligated to "address" the issue of whether the alleged injuries to the lumbosacral and cervical regions of his spine were caused by the subject accident, as opposed to a prior accident he was involved in, in which he sustained injuries to those regions. As the appellant pointed out when moving for leave to reargue, the defendants did not argue, or submit any evidence on their motion for summary judgment to establish, that the alleged injuries to those regions were caused by the prior accident. Thus, the defendants did not make a prima facie showing that those alleged injuries were caused by the prior accident (*see Hightower v Ghio*, 82 AD3d 934, 935 [2011]). "Therefore, the burden did not shift to the [appellant] to raise a triable issue of fact as to whether [those alleged] injuries were caused by the subject accident" (*id.* at 935; *see Stukas v Streiter*, 83 AD3d 18, 24-25 [2011]; *cf. Franchini v Palmieri*, 1 NY3d 536 [2003]).

Accordingly, the Supreme Court, upon reargument, should have vacated the order dated May 17, 2010, and thereupon denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the appellant. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.