■ JIN YING ZI et al., Appellants, SANG CHEOL LEE, Appellant/ Counterclaim Defendant-Respondent, v EMMANUEL VANDOU-LAKIS, Defendant/Counterclaim Plaintiff-Respondent. [925 NYS2d 662]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs Jin Ying Zi and Kyu Sung Lim and the plaintiff/counterclaim defendant, Sang Cheol Lee, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered December 1, 2008, as, upon reargument, vacated the original determination in an order dated July 14, 2008, denying the defendant's motion for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) and denying the separate motion of the plaintiff/counterclaim defendant, Sang Cheol Lee, for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Jin Ying Zi and Kyu Sung Lim on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and, thereupon, granted the motions for summary judgment.

Ordered that the appeal by the plaintiff/counterclaim defendant, Sang Cheol Lee, from so much of the order entered December 1, 2008, as, upon reargument, vacated so much of the order dated July 14, 2008, as denied his motion for summary judgment and, thereupon, granted his motion for summary judgment is dismissed, as he is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order entered December 1, 2008, is reversed insofar as reviewed, on the law, with one bill of costs, and, upon reargument, the original determination in the order dated July 14, 2008, is adhered to.

In the early morning hours of December 30, 2005, a motor vehicle operated by the defendant collided with a motor vehicle operated by the plaintiff/counterclaim defendant, Sang Cheol Lee (hereinafter Lee), in which the plaintiffs Jin Ying Zi (hereinafter Zi) and Kyu Sung Lim (hereinafter Lim) were passengers. In his answer to the plaintiffs' complaint, the defendant asserted a counterclaim against Lee for indemnification or contribution. The defendant moved for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). Lee separately moved for summary judgment dismissing the complaint insofar as asserted by Zi and Lim on the same ground.

In an order dated July 14, 2008, the Supreme Court denied the motions. The defendant subsequently moved, and Lee separately moved, for leave to reargue their respective summary judgment motions. In an order entered December 1, 2008, the Supreme Court granted the motions and, upon reargument,

vacated its prior order dated July 14, 2008, and granted the prior motions for summary judgment. We reverse.

The defendant established, prima facie, that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) through the affirmed medical reports of orthopedic surgeon Edward Toriello (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *McIntosh v O'Brien*, 69 AD3d 585 [2010]). However, in opposition, the plaintiffs raised triable issues of fact through the affidavits of their treating chiropractor regarding the limitations they allegedly suffered as a result of the subject motor vehicle accident (*see Bachan v Maggies Paratransit*, 71 AD3d 610 [2010]; *Reyes v Dagostino*, 67 AD3d 983 [2009]). We note that, under the circumstances, Lim was not required to respond to the defendant's argument that Lim's claimed injuries may have been caused by a prior accident in which Lim was involved, since the defendant never initially established, prima facie, that if Lim did have an injury, that injury was causally connected to the prior accident (*see Stukas v Streiter*, 83 AD3d 18 [2011]; *Hightower v Ghio*, 82 AD3d 934, 935 [2011]; *cf. Franchini v Palmieri*, 307 AD2d 1056 [2003], *affd* 1 NY3d 536 [2003]).

Accordingly, upon reargument, the Supreme Court should have adhered to its original determination denying the motions for summary judgment. Mastro, J.P., Covello, Eng and Belen, JJ., concur.