■ GAMALIEL JEAN-BAPTISTE et al., Appellants, v JOSHUA TOBIAS et al., Respondents. [931 NYS2d 645]—

The Supreme Court properly concluded that the defendants met their prima facie burden of showing, on their cross motion, that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). However, the Supreme Court erred in failing to find that the plaintiffs, in opposition, raised a triable issue of fact.

The plaintiffs raised a triable issue of fact as to whether the plaintiff Gamaliel Jean-Baptiste sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d), and whether the plaintiff Marieange Moise sustained a serious injury to the cervical region of her spine under the permanent consequential limitation of use and/or the significant limitation of use categories of Insurance Law § 5102 (d), as a result of the subject accident (*see Tavares v Eyl*, 84 AD3d 1218, 1218-1219 [2011]; *Mazil v Quinones*, 84 AD3d 893, 894 [2011]; *Dixon v Fuller*, 79 AD3d 1094 [2010]; *Gussack v McCoy*, 72 AD3d 644 [2010]).

In averring that no-fault benefits were denied to both plaintiffs, and that both plaintiffs were advised by their physician that their injuries were permanent and any treatment received would be merely palliative in nature, the plaintiffs also

provided an adequate explanation for their lengthy gaps in treatment (*see Park v He Jung Lee*, 84 AD3d 904, 905 [2011]; *Black v Robinson*, 305 AD2d 438, 439-440 [2003]; *see also Pommells v Perez*, 4 NY3d 566, 574 [2005]).

Contrary to the defendants' contention on appeal, the plaintiffs' treating physician, Dr. David Mun, did not have to address the plaintiffs' prior accident history (*see Messiana v Drivas*, 85 AD3d 744, 745 [2011]; *Hightower v Ghio*, 82 AD3d 934, 935 [2011]). Although the defendants supported their initial moving papers with evidence that the plaintiffs were involved in prior accidents where they previously injured some of the same regions of their respective bodies that they claim to have injured in the subject accident, the defendants failed to make a prima facie showing that the plaintiffs' injuries claimed in the subject accident were actually caused by the prior accidents (*see Messiana v Drivas*, 85 AD3d at 744-745; *Hightower v Ghio*, 82 AD3d at 935). Therefore, the burden did not shift to the plaintiffs to raise a triable issue of fact as to whether the injuries alleged by them to have been sustained in the subject accident were caused by the subject accident, rather than by the prior accidents (*see Messiana v Drivas*, 85 AD3d at 744-745; *Hightower v Ghio*, 82 AD3d at 935; *see also Stukas v Streiter*, 83 AD3d 18, 24-25 [2011]).

Accordingly, the Supreme Court should have denied the defendants' cross motion for summary judgment. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31316(U).]**