■ MI SOOK JEONG, Appellant, v DANIEL A. CALLAGHAN et al., Respondents. [934 NYS2d 344]—

The plaintiff alleged, inter alia, that as a result of the subject accident, her daughter, Yoon Hee Kim, sustained injuries to the cervical and lumbosacral regions of her spine. The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by submitting competent medical evidence establishing that the alleged injuries to those regions did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Gaddy v Eyler*, 79 NY2d 955 [1992]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]; *see also Karpinos v Cora*, 89 AD3d 994 [2011]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbosacral regions of her daughter's spine constituted serious injuries under the perma-

nent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). Furthermore, contrary to the Supreme Court's determination, the plaintiff provided a reasonable explanation for any alleged cessation of her daughter's medical treatment (*see Abdelaziz v Fazel*, 78 AD3d 1086 [2010]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.