■ KYUNG KOOK CHANG, Appellant, v ROBERT D. CARPENTER et al., Respondents. [938 NYS2d 471]—

Contrary to the conclusion of the Supreme Court, the plaintiff, in opposing the defendants' motion for summary judgment dismissing the complaint, was not required to raise a triable issue of fact as to whether the alleged injuries to his left shoulder and right knee were caused by the subject accident, since the defendants failed to establish, prima facie, that those alleged injures were not caused by the subject accident (*see Jean-Baptiste v Tobias*, 88 AD3d 962, 963 [2011]; *Messiana v Drivas*, 85 AD3d 744 [2011]; *Hightower v Ghio*, 82 AD3d 934, 935 [2011]).

Nonetheless, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, he sustained certain injuries to his left shoulder and right knee. The defendants submitted competent medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to whether those alleged injuries constituted serious injuries within the meaning of Insurance Law § 5102 (d).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.