■ Jose Torres, Appellant, v Gamma Taxi Corp. et al., Respondents. [948 NYS2d 279]—

After their prior motion was decided, defendants discovered that plaintiff had been involved in two previous motor vehicle accidents resulting in injuries to the very body parts at issue here (*see* CPLR 2221 [e] [2]). Plaintiff's lack of candor at his deposition about the earlier injuries constitutes a reasonable excuse for defendants' failure to present these facts on the prior motion.

Defendants established prima facie that plaintiff's alleged injuries were not caused by the subject accident, by submitting a radiologist's affirmed reports stating that plaintiff's lumbar and cervical spine MRIs revealed multilevel degenerative disc disease, and a neurologist's affirmation stating that the earlier accidents caused plaintiff's injuries and that plaintiff's present symptoms were mere recurrences of the earlier symptoms (*see Pommells v Perez*, 4 NY3d 566, 579-580 [2005]). Plaintiff's expert states conclusorily that he reviewed plaintiff's newly discovered records from the earlier accidents, but fails to explain their effect on his updated opinion as to causation, and therefore his opinion is too speculative to raise an issue of fact (*see id.*; *Arroyo v Morris*, 85 AD3d 679, 680 [2011]).

Plaintiff's claim of property damage is distinct from his personal injury claim. Indeed, defendants' motions were directed at the latter only. For that reason, we reject their contention that plaintiff failed to preserve this argument. Concur—Tom, J.P., Andrias and Catterson, JJ.

Acosta and Manzanet-Daniels, JJ., dissent in part in a memorandum by Manzanet-Daniels, J., as follows: I would deny defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). While plaintiff, admittedly, had been involved in two prior motor vehicle accidents, one in 1999, and the other in 2001, the record demonstrates that plaintiff sustained only cervical and lumbar strains and sprains and a torn medial meniscus in connection with those accidents. The record, including earlier MRIs of plaintiff's knee and lumbar spine, refute the notion that plaintiff had pre-existing lumbar and cervical bulges and herniations.

Indeed, a 2001 MRI of plaintiff's cervical spine was "unremarkable," and specifically found no "bulge, herniation protrusion or extrusion." A 1999 MRI of plaintiff's lumbar spine found "slight narrowing of the L5-S1 disc space" and mild lumbar spondylosis, but was otherwise unremarkable.

Magnetic resonance imaging of plaintiff's spine following the 2005 accident, on the other hand, demonstrates posterior disc bulging at L5-S1, as well as posterior disc herniation at the level of C5-C6.

We must not let what the majority describes as plaintiff's "lack of candor" distract us from the record evidence, which demonstrates the existence of a triable issue of fact as to whether his current injuries are attributable to the 2005 accident.

Defendants' expert never opined that the injuries sustained in the 2005 accident, i.e., cervical disc herniation and lumbar disc bulge, were caused by or are in any way similar to the injuries plaintiff sustained in the two prior accidents.[5] In the absence of any such allegation, defendants have failed to make a prima facie showing that the plaintiff's alleged injuries were caused by a prior accident (see Bray v Rosas, 29 AD3d 422, 423-424 [2006]; Giangrasso v Callahan, 87 AD3d 521, 523 [2011]; Jin Ying Zi v Vandoulakis, 85 AD3d 975, 977 [2011]; Messiana v Drivas, 85 AD3d 744 [2011]; Jean-Baptiste v Tobias, 88 AD3d 962 [2011] [although defendants submitted evidence that plaintiffs had been involved in prior accidents where they had injured some of the same regions of the body they claim to have injured in the subject accident, the defendants failed to make a prima facie showing that the plaintiffs' claimed injuries in the subject accident were actually caused by the prior accidents]).

In any event, plaintiff raised a triable issue of fact as to whether his current injuries were caused by the subject accident sufficient to defeat the motion. Plaintiff's expert reviewed and considered the records from the prior accidents, and nonetheless opined that plaintiff's injuries were attributable to the 2005 accident. This opinion cannot be dismissed as "speculative" in light of the record evidence that earlier MRI studies of plaintiff's cervical and lumbar spines were negative.

I would accordingly deny the motion for summary judgment.

---

**5.** Defendant's expert states only that the 2005 accident caused a "recurrence of similar symptoms of sprain and strain in the cervical and lumbar spine," a clever way of sidestepping the issue of whether plaintiff's current *injuries,* cervical disc herniation and lumbar disc bulge (as opposed to transient symptoms such as sprains or strains) were caused by the prior accidents.