The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbosacral regions of the plaintiffs spine, and to the plaintiffs shoulders, did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]).
However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbosacral regions of her spine, and to her shoulders, constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 215-218 [2011]; Hightower v Ghio, 82 AD3d 934, 935 [2011]). Accordingly, the Supreme Court should have denied the defendant’s motion for summary judgment dismissing the complaint. Eng, EJ., Skelos, Chambers and Sgroi, JJ., concur.