■ JORJE L. SANTANA et al., Appellants, v JAMES H. MCQUEEN et al., Respondents. [954 NYS2d 56]—

Judgment, Supreme Court, Bronx County (Lucindo Suarez, J.), entered May 16, 2011, dismissing the complaint pursuant to an order, same court and Justice, entered March 23, 2011, which, insofar as appealed from as limited by plaintiffs' brief, granted defendants' motion for summary judgment on the ground that the injured plaintiff did not suffer a serious injury to his right shoulder within the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), unanimously reversed, on the law, without costs, the judgment vacated, the motion denied and the complaint reinstated.

Plaintiff raised an issue of fact as to whether the subject accident caused the tear of his right shoulder's infraspinatus tendon by submitting the affirmed reports of a radiologist and an orthopedic surgeon stating as much (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). Plaintiff's radiologist opined that plaintiff's infraspinatus tear was "directly related to an acute injury that occurred" on the date of the accident, and based that opinion on, among other things, his review of an MRI of plaintiff's right shoulder, taken before the accident, which revealed no such injury, while two MRIs taken subsequent to the accident did. Plaintiff's orthopedic surgeon concurred, and specifically attributed the subject accident as the cause of the injury, ruling out plaintiff's prior injury to the supraspinatus tendon of his right shoulder.

We reject defendants' argument that plaintiffs' experts failed to rebut defendants' radiologist's finding of degeneration because plaintiffs' experts distinguished plaintiff's pre-accident injury from his post-accident injury, opining, based on objective medical evidence, that the latter was caused by the subject accident (*see Fuentes v Sanchez*, 91 AD3d 418 [1st Dept 2012]; *compare Torres v Gamma Taxi Corp.*, 97 AD3d 440 [1st Dept 2012]; *McArthur v Act Limo, Inc.*, 93 AD3d 567, 568 [1st Dept 2012]). Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.