■ GERMAN BEDOYA, Appellant, v ASHWANTI KUMAR et al., Respondents. [993 NYS2d 148]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), entered May 9, 2013, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

In support of their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained serious injuries to the cervical

region of his spine (*see Perl v Meher,* 18 NY3d 208, 218-219 [2011]; *Pommells v Perez,* 4 NY3d 566, 572 [2005]). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.