■ GABRIEL RIVERA, Appellant, v ANDREW RAMOS, Respondent. [17 NYS3d 739]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated September 2, 2014, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Bedoya v Kumar, 120 AD3d 1374, 1374 [2014]; Jean-Baptiste v Tobias, 88 AD3d 962, 962 [2011]; Messiana v Drivas, 85 AD3d 744, 744-745 [2011]) by submitting competent medical evidence establishing, inter alia, that the alleged injury to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Bedoya v Kumar, 120 AD3d at 1374; Messiana v Drivas, 85 AD3d at 745).

In opposition, however, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether he did sustain a serious injury to the cervical region of his spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Messiana v Drivas, 85 AD3d at 745). Since the plaintiff raised a triable issue of fact with respect to the injuries to the cervical region of his spine, it is not necessary to determine whether his proof with respect to his other alleged injuries would have been sufficient to defeat the defendant's motion for summary judgment (see Linton v Nawaz 14 NY3d 821, 822 [2010]).

The opinion of the defendant's expert, based upon a review of an unspecified MRI report, was speculative and conclusory and, thus, insufficient to establish, prima facie, a lack of causation (see Pommells v Perez, 4 NY3d 566, 577-578 [2005]; see generally Ortega v Maldonado, 38 AD3d 388, 388 [2007]).

Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact as to whether the alleged injuries were caused by the subject accident, rather than some other contributory factor (*see Messiana v Drivas*, 85 AD3d at 745; *Jean-Baptiste v Tobias*, 88 AD3d at 963).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.