■ ALBERTO J. RIVERA, Appellant, et al., Plaintiff, v DEQUAN L. SLOANE et al., Respondents. [19 NYS3d 440]—In an action, inter alia, to recover damages for personal injuries, the plaintiff Alberto J. Rivera appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated December 4, 2014, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by him on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Alberto J. Rivera is denied.

The defendants met their prima facie burden of showing that the plaintiff Alberto J. Rivera did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of Rivera's spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, Rivera raised a triable issue of fact as to whether he sustained a serious injury to the lumbar region of his spine (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Since Rivera raised a triable issue of fact with respect to the injury to the lumbar region of his spine, it is not necessary to determine whether the evidence he submitted raised a triable issue of fact as to whether his other alleged injuries meet the "no fault" threshold (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *Rivera v Ramos*, 132 AD3d 655 [2015]).

Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the

complaint insofar as asserted by Rivera. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.