Alin Michel, Respondent, 
against
Frank M. DePierro, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered October 9, 2014. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover for personal injuries allegedly sustained in a motor vehicle accident, defendant appeals from an order of the Civil Court which denied his motion for summary judgment dismissing the complaint.
Plaintiff has raised no issue with respect to the implicit determination of the Civil Court that defendant met his prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident in question (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition to defendant's motion, plaintiff raised a triable issue of fact, through the affirmed medical report of his examining neurologist, regarding the limitations that plaintiff had suffered as a result of the motor vehicle accident (see Perez v Schreier, 102 AD3d 938 [2013]; Bachan v Maggies Paratransit, 71 AD3d 610 [2010]; Reyes v Dagostino, 67 AD3d 983 [2009]). The affirmed report, which was based upon a recent examination, revealed range of motion limitations in plaintiff's cervical and thoracolumbar spine, which the neurologist opined had been caused by the accident at issue. Although defendant argues that plaintiff had failed to sufficiently explain the gap in his treatment, we find that plaintiff provided a reasonable explanation by stating in his affidavit that, after his no-fault benefits had terminated, he had been unable to personally pay for the treatments (see Abdelaziz v Fazel, 78 AD3d 1086 [2010]; Tai Ho Kang v Young Sun Cho, 74 AD3d 1328 [2010]).
Contrary to defendant's contention on appeal, plaintiff's neurologist was not required, under the circumstances presented, to address, in opposition to defendant's summary judgment motion, plaintiff's prior or subsequent accident history (see Jean-Baptiste v Tobias, 88 AD3d 962 [2011]; Jin Ying Zi v Vandoulakis, 85 AD3d 975 [2011]; Hightower v Ghio, 82 AD3d 934 [2011]). Although defendant supported his initial moving papers with evidence that plaintiff had been involved in an accident eight months before the accident in question and in another accident nearly four years after the accident in question, defendant failed to make a prima facie showing that plaintiff's injuries had been caused by either the prior accident or the subsequent accident [*2](see Jean-Baptiste, 88 AD3d at 963; Jin Ying Zi, 85 AD3d at 977; Hightower, 82 AD3d at 935). Indeed, defendant's doctor stated in his independent orthopedic report that plaintiff's injuries appeared to be causally related to the accident in question and that there was no apportionment to a prior injury. Therefore, the burden did not shift to plaintiff to raise a triable issue of fact as to whether the injuries in question had been caused by the accident in question, rather than by the prior or subsequent accident (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Jean-Baptiste, 88 AD3d at 963; Jin Ying Zi, 85 AD3d at 977; Hightower, 82 AD3d at 935). 
Accordingly, the order is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 11, 2016