Chiu Yuan Hu v Frenzel (2018 NY Slip Op 05445)





Chiu Yuan Hu v Frenzel


2018 NY Slip Op 05445


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-03828
 (Index No. 15415/13)

[*1]Chiu Yuan Hu, appellant, 
v
Kurt M. Frenzel, respondent.


Hackett Law, P.C., Garden City, NY (Patrick Hackett and Carlo Sciara of counsel), for appellant.
Mendolia & Stenz (Russo & Tambasco, Melville, NY [Susan J. Mitola and Evan Przebowski], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered February 25, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff and the defendant were involved in a motor vehicle collision, and the plaintiff thereafter commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered February 25, 2016, the Supreme Court granted the defendant's motion. The plaintiff appeals, and we reverse.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957), by submitting competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and thoracolumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition to the defendant's prima facie showing, the plaintiff raised triable issues of fact as to whether she sustained serious injuries to the cervical and thoracolumbar regions of her spine (see Perl v Meher, 18 NY3d 208, 215-218). Further, contrary to the determination of the Supreme Court, we find that the plaintiff adequately explained the gap in her treatment by submitting an affirmed medical report of her treating physician (see Pommells v Perez, 4 NY3d 566, 577; Jean-Baptiste v Tobias, 88 AD3d 962; Park v He Jung Lee, 84 AD3d 904, 905).
In addition, the defendant did not make a prima facie showing that there was no proximate cause, and the burden did not shift to the plaintiff to raise a triable issue of fact as to causation (see Rivera v Ramos, 132 AD3d 655, 655-656; Jean-Baptiste v Tobias, 88 AD3d at 963; Messiana v Drivas, 85 AD3d 744, 745; see generally Stukas v Streiter, 83 AD3d 18, 24-25).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d).
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court