Lambropoulos v Gomez (2018 NY Slip Op 08118)





Lambropoulos v Gomez


2018 NY Slip Op 08118


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-11074
 (Index No. 706079/14)

[*1]Apostolos Lambropoulos, appellant, 
v
Luis Gomez, et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Jennifer M. Belk of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered September 21, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, however, the plaintiff submitted evidence sufficient to raise a triable issue of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219). As the defendants failed to establish, prima facie, a lack of causation, the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Rivera v Ramos, 132 AD3d 655, 656).
Accordingly, we disagree with the Supreme Court's determination granting the [*2]defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., CHAMBERS, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court