Annette J. Mitchell, Appellant,
against
Edwin Galindo and Betty Zorilla, Respondents. 




Mitchell Dranow, Esq., for appellant.
Law Offices of Thomas Torto (Thomas Torto of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered September 15, 2017. The order, insofar as appealed from as limited by the brief, granted the branch of defendants' motion seeking summary judgment dismissing the first cause of action.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the branch of defendants' motion seeking summary judgment dismissing the first cause of action is denied.
In this action to recover for personal injuries and property damage allegedly sustained in a motor vehicle accident, plaintiff, as limited by her brief, appeals from so much of an order of the Civil Court as granted the branch of defendants' motion seeking summary judgment dismissing the first cause of action on the ground that plaintiff had not sustained a serious injury.
Plaintiff raises no issue with regard to the Civil Court's determination that defendants met their prima facie burden of showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident in question (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). Upon a review of the record, we find that plaintiff's papers submitted in opposition to defendants' motion raised a triable issue of fact as to whether plaintiff had sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Linton v Nawaz, 14 NY3d 821 [2010]; Lopez v Senatore, 65 NY2d 1017, 1020 [1985]; Kholdarov v Hyman, 165 AD3d 1087 [2018]; Windham v New York City Tr. Auth., 115 AD3d 597 [2014]; see generally Perl v Meher, 18 NY3d 208, 218-219 [2011]). Contrary to the Civil Court's determination, we are of the opinion that plaintiff [*2]provided a sufficient explanation to raise an issue of fact with respect to her gap in treatment (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905 [2013]; Abdelaziz v Fazel, 78 AD3d 1086 [2010]; Gutierrez v Ambulette, 14 Misc 3d 143[A], 2007 NY Slip Op 50381[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; see generally Pommells v Perez, 4 NY3d 566 [2005]).
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendants' motion seeking summary judgment dismissing the first cause of action is denied.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 16, 2019