Jeehyun Choi v Joel (2020 NY Slip Op 01605)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Jeehyun Choi v Joel

2020 NY Slip Op 01605

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2018-11670
(Index No. 602402/16)

[*1]Jeehyun Choi, appellant,
vKeith Joel, respondent.

Andrew Park, PC, New York, NY (Jusun Yook of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered August 15, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on March 1, 2016. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendant's motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Moreover, as the defendant failed to establish, prima facie, a lack of causation (see Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garrett, 92 AD3d 725, 726), the burden did not shift to the plaintiff to raise a triable issue of fact regarding causation or to explain any gap in treatment (see Pommells v Perez, 4 NY3d 566, 572; Torres v Rettaliata, 171 AD3d 829, 829-830; [*2]Lambropoulos v Gomez, 166 AD3d 952).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court