Hong Ki Kim v Desmond (2020 NY Slip Op 04150)





Hong Ki Kim v Desmond


2020 NY Slip Op 04150


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2019-03432
 (Index No. 700094/16)

[*1]Hong Ki Kim, appellant, 
v
Shepherd Desmond, et al., respondents.


Andrew Park, P.C., New York, NY (Jusun Yook of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Anne P. O'Brien and Jonathan D. Silverstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered February 7, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident that occurred on December 15, 2015. The defendants moved, inter alia, for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered February 7, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left shoulder did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Jeehyun Choi v Joel, 181 AD3d 660; Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Further, the defendants failed to establish that the alleged injury to the plaintiff's left shoulder was not causally related to the subject accident (see Chiu Yuan Hu v Frenzel, 163 AD3d [*2]918; Navarro v Afifi, 138 AD3d 803; Rivera v Ramos, 132 AD3d 655). Contrary to the defendants' contention, the plaintiff's expert was not required to address the plaintiff's prior accident history as the defendants failed to make a prima facie showing that the alleged injury to the plaintiff's left shoulder was caused by a prior accident and not the subject accident (see Jean-Baptiste v Tobias, 88 AD3d 962, 963). Therefore, the burden did not shift to the plaintiff to raise a triable issue of fact as to whether the alleged injury to his left shoulder was caused by the subject accident, rather than by his prior accident (see id. at 963, Messiana v Drivas, 85 AD3d 744; Hightower v Ghio, 82 AD3d 934).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court